CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

August 28, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **TOBY WAYNE WALLACE,** **Plaintiff,** | ) | **Civil Action No. 7:25cv00943** |
| v. | ) | **MEMORANDUM OPINION** |
| **WEXFORD MEDICAL,** **Defendant.** | ) | **By: Robert S. Ballou** **United States District Judge** |

Toby Wayne Wallace, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he is being prevented from receiving hernia surgery and is not being provided pain medication. Dkt. 1. Wallace's handwriting is difficult to decipher and if there are other claims he has alleged, they are illegible to me. On December 31, 2025, the case was conditionally filed. Dkt. 4. Upon receiving Wallace's financial information, the Court issued an order on May 27, 2026 advising Wallace that his Complaint failed to state a claim under § 1983 and requested that Wallace amend his Complaint within 30 days. Dkt. 6. To date, Wallace has not amended and more than 30 days have elapsed. For the following reasons, I conclude that the action must be summarily dismissed.

The legible portions of Wallace's Complaint are terse: "I was sent to [illegible] surgical by Wexford's Dr. Green [illegible] was set [illegible] surgery date for hernia surgery I fell in medical having my right shoulder set for x ray." Dkt. 1. "Hernia has popped back out they will not send me back to hospital I'm suffering pain [illegible] they refuse to give meds saying they are a [illegible] …" *Id*. As relief, Wallace seeks "to be made right for my pain and suffering to be sent out to have my surgery and to give me my meds that my regular dr wrote me [illegible]." *Id*.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss a prisoner's civil action concerning prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Liability under § 1983 must be analyzed individually for each defendant." *Jones v. Solomon*, 90 F.4th 198, 207 (4th Cir. 2024). "To establish personal liability under § 1983, . . . the plaintiff must affirmatively show that the official charged acted personally in the deprivation of the plaintiff's rights." *Williamson v. Stirlin*g, 912 F.3d 154, 171 (4th Cir. 2018) (internal quotation marks and brackets omitted). "That is, the official's own individual actions must have violated the Constitution." *Id.* (internal quotation marks omitted). Consequently, "a complaint must contain specific allegations of each individual's conduct." *King v. Riley*, 76 F.4th 259, 269 (4th Cir. 2023). Additionally, a private company that provides medical services to inmates can be held liable under § 1983 *only* when an official policy or custom of the entity causes the alleged constitutional violation. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *Hendrick v. Wexford Health Sources, Inc.*, 141 F. Supp. 3d 393, 401 (D. Md. 2015). Such entities "are not vicariously liable under § 1983 for their employee's actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011).

Because Wallace's complaint presents no legal basis for a claim actionable under § 1983 against the only defendant he has named, the court will summarily dismiss this action without

prejudice under § 1997e(c)(1) for failing to state a claim upon which relief can be granted. Dismissal without prejudice leaves Wallace free to refile his § 1983 claims in a new and separate civil action, if he so desires, provided that the new lawsuit names as the defendant a person subject to suit under § 1983.

A separate Order will be entered herewith.

Enter: August 27, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge